PROVO, A MINOR, APPELLANT, *v.* THE TOLEDO TRUST CO., APPELLEE.

(Decided May 17, 1937.)

*Mr. Eldon H. Young* and *Mr. Foster E. Spence,* for appellant.

*Messrs. Wolfe & Rogers,* for appellee.

LLOYD, J. In the Court of Common Pleas a general demurrer was sustained to the petition of Albert Provo in the action there commenced in his behalf against The Toledo Trust Company, and Provo not desiring to plead further, judgment was entered thereon. Provo appeals to this court on questions of law, his complaint being that his petition states a cause of action and that the demurrer thereto should have been overruled.

The substance of his petition is that the trust company maintained a much frequented building at the corner of Summit street and Madison avenue in Toledo; that the means of ingress thereto and egress therefrom is a doorway opening directly upon the west sidewalk thereof; that in the doorway is a revolving door in a circular framework which "was negligently permitted by the defendant to remain unlocked, unguarded and subject to revolution, and the plaintiff herein was attracted thereto, and thereby became involved in said door while it was engaged in the process

of revolution and caught his left leg between the blades and side of said door,'' resulting in certain alleged personal injuries.

It is alleged that the unlocked and unguarded door was ''an attractive and dangerous instrumentality to children of tender years,'' and that the street in question was frequented by children ''for the purpose of observing the downtown district of Toledo, attending shows and other places of interest,'' all of which the trust company knew or, in the exercise of ordinary care, would have known, and that the defendant trust company ''should have anticipated the attractiveness of said door to plaintiff and children of his age and the susceptibility of the same to increase its speed of rotation and thereby occasion injury, and should have provided said door with a lock or brake to limit its speed of revolution.'' The petition contains no other fact allegations except as to the nature of the claimed injuries, followed by a prayer for judgment in the sum of $10,000, and alleges no facts from which can be inferred any causal relation between what is claimed could or should have been done, and the alleged injuries to Provo.

There is no allegation therein that the use and maintenance of such doors in buildings like that in question was unusual or that this particular door was in any respect defective or lacking any device ordinarily and customarily used. A revolving door, as a means of ingress and egress to and from a building, is not inherently a dangerous instrumentality or a nuisance. If not defective, the possibility of danger inures in the manner of its use. No complexity of operation is alleged, and its purpose and use as outlined is obviously proper and lawful. The employment of an attendant to warn and protect each prospective user thereof or its constant locking and unlocking would make impracticable its use, and worthless its purpose. So far

as the petition shows, Provo had no mission that called him to enter the building, except the inference that the revolving door was to him a new toy with which to play. Apparently the door was on private property and whether the boy Provo is to be regarded as a licensee or a trespasser, the petition is barren of facts creating a liability for his alleged injuries.

The judgment of the Court of Common Pleas is therefore affirmed.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.